**Margot CARLSON, Individually and in her Capacity as Executrix for the Estate of Albert Carlson and Matthew McGowan, in his Capacity as Trustee of the Bankruptcy Estate of Albert E. Carlson**

v.

**R. Bruce GILLIE, M.D., and the Westerly Hospital.**

No. 97–367–Appeal.

Supreme Court of Rhode Island.

Oct. 28, 1998.

Yvette M. Boisclair, Providence.

William F. White, Providence.

**O R D E R**

This case came before a panel of the Supreme Court on October 20, 1998, pursuant to an order directing the parties to appear and show cause why this appeal should not be summarily decided in light of *Sheeley v.*

*Memorial Hospital,* 710 A.2d 161 (R.I.1998). The plaintiff, Margot Carlson, individually and in her capacity as executrix for the estate of Albert Carlson (Carlson), appealed from a judgment in favor of the defendant, R. Bruce Gillie (Gillie), M.D., and she appealed the denial of her motion for a new trial. After hearing the arguments of counsel and considering the memoranda submitted by the parties, we are of the opinion that cause has not been shown. Therefore, the appeal will be decided at this time.

This is a medical malpractice case. Carlson entered Westerly Hospital on November 8, 1991, suffering from an unknown ailment. There he was treated by Gillie, an internist at the Westerly Hospital Intensive Care Unit. Despite repeated requests by plaintiff for performance of a CAT scan, three days lapsed before one was performed. The plaintiff alleged that Gillie's negligent diagnosis and treatment resulted in the unnecessary and permanent brain damage to her husband who remained incapacitated until his death, five years later.

In *Sheeley,* we held that "whatever geographical impediments may previously have justified the need for a 'similar locality' analysis they are no longer applicable in view of the present-day realities of the medical profession." *Id.* at 166. Thus, we joined the numerous jurisdictions that have repudiated the "same or similar" community test in favor of a national standard of care. We held in *Sheeley* that "a physician is under a duty to use the degree of care and skill that is expected of a reasonably competent practitioner in the same class to which he or she belongs, acting in the same or similar circumstances." *Id.* at 167. The holding in *Sheeley* was not restricted to prospective application and is applicable to this case which was on appeal at the time of the decision. *Id.*

At trial, defendant called four medical experts to testify on his behalf. Two of these experts specifically testified that they practiced medicine in small community hospitals in Rhode Island, one of whom testified that in his opinion defendant "met the accepted standards of care for an internal medicine physician practicing in Westerly Hospital or

a similar community hospital." The plaintiff called five experts to testify, one of whom testified that he practiced in Rhode Island at The Miriam Hospital. The defendants pointed out that Miriam was not considered a "community" hospital. Of plaintiff's four other experts, two worked at Yale University's New Haven Medical Center, one as an internist and the other a chief of neuroradiology, a third expert was the director of preventive cardiology at the University of Pittsburgh, and the fourth practiced neurosurgery at the Lahey Hitchcock Medical Center, the same medical center as one of the defendant's experts. On cross examination of each witness except the last one, defendant stressed that each facility was not a "community" hospital. At least once, defendant differentiated the expert's facility from a "little hospital like Westerly." The plaintiff's experts testified that defendant's treatment of Carlson did not meet "the minimal standards of care of board certified internists treating patients like [Mr. Carlson] in an intensive care unit."

The trial justice instructed the jury that the standard of care by which they should measure Gillie's actions was that of a reasonably prudent internist from a similar locality. He elaborated, "[T]he standard is a community standard. The community is Westerly. The community in which Dr. Gillie practices in Westerly." This instruction, however, represents the "same or similar locality" standard that was rejected in *Sheeley*. The defendant contended that the instruction did not constitute error because the trial judge did not exclude any of plaintiff's expert witnesses. Additionally, he alleged that the trial judge alluded to a national standard of care elsewhere in the jury instructions. Although the trial judge did allow plaintiff's experts to testify, their testimony had to be considered in light of the "Westerly community" instruction which amounted to a similar locality rule that we rejected in *Sheeley*.

Therefore, the plaintiff's motion for a new trial is granted. We remand the case to the Superior Court for a new trial in which any

jury instruction shall conform to our holding in this case.

Justices FLANDERS and GOLDBERG did not participate.